IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GALINA OGEONE, | ) | Civ. No. 11-00249 ACK-RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD MIYAMOTO, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION

The magistrate judge's "Findings and Recommendation That the District Court Dismiss This Action for Lack of Jurisdiction" ("F & R") were filed and served on all parties on July 13, 2011.[1] No party has filed an objection to the F & R, and the Court cannot find clear error on the face of the record with respect to these unobjected to findings and recommendation. See Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003) ("The court may accept those portions of the Magistrate Judge's findings and recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record.").

---

[1] In the Order dated July 13, 2011, the magistrate judge also denied Plaintiff's Motion to Compel (assuming that jurisdiction were present), Motion to Change Venue, and Motion Not to Change Venue. Only the findings and recommendation to dismiss for lack of subject matter jurisdiction is now before the Court.

Accordingly, IT IS HEREBY ORDERED AND ADJUDGED that, pursuant to Title 28, United States Code, Section 636(b)(1)(C) and Local Rule 74.2, the F & R are adopted as the opinion and order of this Court and Plaintiff's complaint is dismissed without prejudice and without leave to amend.[2]

---

[2] In adopting the magistrate judge's findings and recommendation that the Fourth Amended Complaint be dismissed without prejudice and without leave to amend, the Court notes two points.

First, none of Plaintiff's four complaints have adequately alleged federal question jurisdiction. In particular, Plaintiff filed her third and fourth amended complaints after this Court's April 20, 2011 Order to Show Cause, which specifically noted that Plaintiff's first and second amended complaints had not properly asserted federal question jurisdiction (and which also recommended that Plaintiff obtain counsel if she wished to pursue the instant matter in federal court, and provided a list of pro bono attorneys). See Mir v. Fosburg, 646 F.2d 342, 347 (9th Cir. 1980) ("[A] district court has broad discretion to grant or deny leave to amend, particularly where the court has already given a plaintiff one or more opportunities to amend his complaint to allege federal claims."); cf. In re Vantive Corp. Sec. Litig., 283 F.3d 1079, 1098 (9th Cir. 2002) ("In this case, the plaintiffs had three opportunities to plead their best possible case. It was therefore not unreasonable for the district court to conclude that it would be pointless to give the plaintiffs yet another chance to amend."), abrogation on other grounds recognized by South Ferry LP, No. 2 v. Killinger, 542 F.3d 776, 784 (9th Cir. 2008).

Second, the magistrate judge correctly held that Plaintiff's dual American and Russian citizenship defeats diversity jurisdiction. See Hilsenrath v. Nixon Peabody LLP, No. C 07-3193 CW, 2007 WL 2695830, at *1 (N.D. Cal. Sep. 11, 2007) (quoting Mutuelles Unies v. Kroll & Linstrom, 957 F.2d 707, 711 (9th Cir. 1992)).

IT IS SO ORDERED

DATED: Honolulu, Hawai'i, August 8, 2011.



_____
Alan C. Kay
Sr. United States District Judge


Ogeone v. Miyamoto, Civ. No. 11-00249 ACK-RLP: Order Adopting Magistrate Judge's Findings and Recommendation.